# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CHARLES EDWARD WILSON,   )
                         )
    Petitioner,          )
                         )
v.                       )    Case No. CV407-071
                         )
BRUCE CHATMAN, Warden,   )
                         )
    Respondent.          )

## REPORT AND RECOMMENDATION

On June 6, 2007, Charles Edward Wilson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On July 19, 2007, Respondent Bruce Chatman, Warden of Dooly State Prison, filed a motion to dismiss Wilson's petition as untimely. Doc. 7. Because Wilson failed to file his petition for § 2254 relief within the one-year limitation period set forth in 28 U.S.C. § 2244(d), the Court recommends that Chatman's motion be **GRANTED** and Wilson's petition **DENIED**.

## I. BACKGROUND

On February 27, 2003, Wilson entered a negotiated guilty plea in the Superior Court of Chatham County, pleading guilty to one count of armed robbery and receiving a ten-year prison sentence. Doc. 15 ex. 1b. Wilson did not file a direct appeal of his conviction or his sentence. The first challenge to his conviction came on October 24, 2005, when he filed a petition for writ of habeas corpus in the Superior Court of Dooly County, Ga. Doc. 15 ex. 1a. That court held an evidentiary hearing on April 13, 2006 and issued an order denying Wilson's petition on August 4, 2006. He filed an application for certificate of probable cause to appeal with the Georgia Supreme Court, which was denied on May 14, 2007. Doc. 15 ex. 4. Then, on June 6, 2007, Wilson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. In the absence of (1) an

impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional law by the United States Supreme Court, or (3) a factual basis for habeas relief that was not discoverable before the running of the limitations period, the one-year limitations period begins to run on the date that the state conviction becomes final. 28 U.S.C. § 2244(d)(1). A conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired. 28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). The one-year limitation period is also tolled while a prisoner seeks state habeas corpus relief. 28 U.S.C. § 2244(d); Ford v. Moore, 296 F.3d 1035, 1036–37 (11th Cir. 2002).

Wilson entered a negotiated guilty plea on February 27, 2003 and never filed a direct appeal. Doc. 15 ex. 1a. He then had thirty days to file a notice of appeal with the Georgia Court of Appeals, O.C.G.A. § 5-6-38, and his conviction became final on March 29, 2003. Coates, 211 F.3d at 1226; see also Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003). At that point, the one-year limitation period under AEDPA began to run, and the

period of limitations expired a year later on March 31, 2004.[1]

Although Wilson filed a state habeas petition on October 24, 2005, it did not toll the one-year limitation period because that period had expired almost seven months earlier. A state habeas proceeding can toll the one-year limitations period; it cannot void it.

Accordingly, Wilson's § 2254 petition for habeas relief, filed in this Court on September 28, 2005, is untimely and should be **DENIED**.

## III. CONCLUSION

Based upon the foregoing, Chatman's motion to dismiss Wilson's petition should be **GRANTED**, and Wilson's petition should be **DENIED**.[2]

**SO REPORTED AND RECOMMENDED** this 16th day of November 2007.

  
UNITED STATES MAGISTRATE JUDGE  
SOUTHERN DISTRICT OF GEORGIA

---

[1] For § 2254 purposes, Wilson's conviction became final on Monday March 31, 2003, as the deadline for filing an appeal in state court fell on a Saturday.

[2] Wilson's motion to reinstate his motion for appointment of counsel and evidentiary hearing (doc. 12) is **DENIED**.

4